**LINDSEY, STEPHENSON & LINDSEY, d/b/a Great Plains Land & Cattle, Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION and Walter O'Cheskey, Appellee.**

No. 2:92–CV–0061–J.

United States District Court, N.D. Texas, Amarillo.

Oct. 29, 1992.

Judgment affirmed, 995 F.2d 626.

---

Don Patterson, Culton, Morgan, Britain & White, Amarillo, TX, for petitioner.

Thomas A. Bunkley, Jr., Lumpkin, Barras, Reavis & Bunkley, Amarillo, TX, for respondent.

Walter O'Cheskey, Lubbock, TX, Trustee.

## ORDER AFFIRMING BANKRUPTCY COURT DECISION

MARY LOU ROBINSON, District Judge.

Before the Court is the appeal of the debtor, Lindsey, Stephenson & Lindsey, from a final judgment relieving the automatic stay and dismissing Chapter 12 proceeding of the Bankruptcy Court entered on July 1, 1991.

The main issue on appeal is whether the Bankruptcy Court erred in concluding that the non-recourse note secured by a mortgage held by the FDIC could be included as a part of the Debtor's aggregate debt for the purpose of determining eligibility under Chapter 12 of the Bankruptcy Code.

### STATEMENT OF FACTS

This is an appeal from a judgment dismissing Chapter 12 bankruptcy proceedings. Debtor Lindsey, Stephenson & Lindsey filed for protection in December 1990. The FDIC responded with a motion for relief from stay against property of the estate and motion to dismiss the Chapter 12 proceeding on April 26, 1991. The FDIC argued that the debtor did not qualify for Chapter 12 relief because its aggregate debts exceeded $1,500,000.00.

The FDIC's argument is based on the fact that the Debtor is obligated under a non-recourse note in the amount of $1,670,-972.84. This note was executed on September 16, 1985, made payable to Panhandle Bank & Trust Company in the amount of $1,069,612.17. The note was secured by partnership property and stated:

> The undersigned shall not be personally liable for the payment of the principal obligation evidenced by this Note nor for any accrued interest thereon, it being understood that the payee shall look only to the collateral as and to the extent provided by those certain Deeds of Trust and Security Agreements entered into by the undersigned and PANHANDLE BANK & TRUST COMPANY of even date herewith, which said Deeds of Trust and Security Agreements are hereby incorporated by reference and made a part hereof.

The FDIC, as liquidator of Panhandle Bank & Trust Company, began attempting to satisfy the note by foreclosing on the partnership's assets. The partnership then sought Chapter 12 protection as a family farmer.

The FDIC argues that the non-recourse note is included in the calculation of the Debtor's aggregate debts, so the aggregate debts exceed the statutory ceiling for relief under Chapter 12. The Debtor argues that because it is not liable on the note, the note is not included in the aggregate debt. The partnership is thus eligible for protection under Chapter 12. The parties stipulated that the balance due on the note exceeds $1,500,000 and that more than twenty percent of the balance due on the note did not arise from farming operations.

The issue to be decided in this appeal is whether the non-recourse note should be included in Lindsey, Stephenson & Lindsey's aggregate debts in order to determine the Debtor's eligibility for Chapter 12 relief.

### REASONING

 Upon appeal, findings of fact made by the Bankruptcy Court are not to be set aside unless clearly erroneous. Bankr.R. 8013. Conclusions of law are subject to *de novo* review by this Court. *In re Missionary Baptist Foundation of America,* 712 F.2d 206, 209 (5th Cir.1983). "When a finding of fact is premised on an improper legal standard, or a proper one

improperly applied, that finding loses the insulation of the clearly erroneous rule." *In re Niland,* 825 F.2d 801, 806 (5th Cir. 1987), citing *Wilson v. Huffman,* 818 F.2d 1135, 1142 (5th Cir.1987).

■ Chapter 12 relief is only available to family farmers. 11 U.S.C. § 109(f). The Code limits the definition of family farmers to families with:

(i) more than 80 percent of the value of its assets consists of assets related to the farming operation;

(ii) its aggregate debts do not exceed $1,500,000 and not less than 80 percent of its aggregate noncontingent, liquidated debts ... on the date the case is filed, arise out of the farming operation owned or operated by such corporation or such partnership....

The issue to be determined is what is included in the aggregate debts. The term "debt" is defined in 11 U.S.C. § 101(12) as "liability on a claim." "Claim" is defined in § 101(5) as:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

The Bankruptcy Code further defines "claim against a debtor" in § 102(2) to include a "claim against property of the debtor." The legislative history of this subsection states:

This paragraph is intended to cover nonrecourse loan agreements where the creditor's only rights are against property of the debtor, and not against the debtor personally. Thus, such an agreement would give rise to a claim that would be treated as a claim against the debtor personally, for purposes of the bankruptcy code [this title].

*Notes of Committee on the Judiciary, Senate Report No. 95–989,* U.S.Code Cong. & Admin.News 1928, pp. 5787, 5814.

The Supreme Court in *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), construed the meaning of the words "debt" and "claim" as coextensive. *Id.* 495 U.S. at 558, 110 S.Ct. at 2130. *See also Johnson v. Home State Bank,* 501 U.S. ——, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). The Court explained that Congress intended to adopt the broadest available definition of "claim." *See Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), *Johnson v. Home State Bank,* 501 U.S. ——, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).

The FDIC's nonrecourse note is a claim against the Debtor under § 102(2). Following the Supreme Court's rationale that a claim and a debt are coextensive, the FDIC's claim is a debt for the purpose of determining Debtor's aggregate debts. Debtor's aggregate debts, including the nonrecourse note, total more than $1,500,-000. This Court confirms the Bankruptcy Court's determination that Debtor is ineligible for Chapter 12 relief.

## CONCLUSIONS

The findings of fact of the Bankruptcy Court stand on appeal because they are not clearly erroneous. Accordingly, the decision of the Bankruptcy Court is therefore AFFIRMED.

It is SO ORDERED.